UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOSTEN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION,<br><br>Defendant. | Case No.: 18-cv-0152-AJB-JLB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**(Doc. No. 28)** |

Defendant Rite Aid again moves to dismiss Robert Josten's amended complaint after the Court previously granted Josten amendment. (Doc. No. 28.) In the current motion, Rite Aid renews its argument that Josten failed to allege tolling under the delayed discovery rule. Rite Aid also argues the Court has no jurisdiction over Josten's claims because he failed to exhaust his administrative remedies under the Medicare Act. However, the Court finds both of these arguments fail. First, the Court finds Josten appropriately alleges tolling in his amended complaint. Second, the Court finds Josten's claims do not arise under The Medicare Act and are thus not subject to its exhaustion requirements. Accordingly, the Court **DENIES** Rite Aid's motion to dismiss. (Doc. No. 28.)

### I.   BACKGROUND

The following facts are taken from Plaintiff's complaint, (Doc. No. 27), and are

construed as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013) (reasoning that when considering a motion to dismiss, courts presume the facts alleged by the plaintiff are true).

Plaintiff's claims are all based on the assertion that he was forced to pay an inflated copayment under his insurance plan because Rite Aid reported prescription drug prices to his insurance carrier that were not its "usual and customary" ("U&C") prices for those drugs. (Doc. No. 27 ¶ 1.) About 90% of all United States citizens are now enrolled in private or public health insurance plans that cover at least a portion of the cost of medical and prescription drug benefits. (*Id.* ¶ 2.) A feature of most of these health insurance plans is the shared cost of prescription drugs. (*Id.*) Typically, when a consumer fills a prescription for a medically necessary prescription drug under his or her health insurance plan, the third-party payor ("TPP") pays a portion of the cost and the consumer pays the remaining portion of the cost directly to the pharmacy in the form of a copayment, coinsurance, or deductible payment. (*Id.*)

In an effort to control their prescription drug costs, many insurance companies and TPPs require consumers to purchase generic prescription drugs when available because generic drugs often cost less than the brand-name version. (*Id.* ¶ 3.) Plaintiff alleges that he and the members of the Class are paying much more for certain generics than Rite Aid's cash-paying customers who fill their generic prescriptions through Rite Aid's discount generic drug program, called the "Rx Savings [P]rogram" ("Rx Program" or "RSP"), without using health insurance. (*Id.* ¶ 4.)

The crux of his argument is that a pharmacy cannot charge a consumer, or report to a TPP, a higher price for prescription drugs than the pharmacy's U&C price. (*Id.* ¶ 55–62.) The U&C price is referred to by Rite Aid and known throughout the pharmacy industry as the price that the pharmacy most commonly charges the cash-paying public. (*Id.* ¶ 56.) Plaintiff alleges that Rite Aid, instead of complying with this requirement, maintains an undisclosed, dual pricing scheme for the prescription drugs available through the Rx Program and overcharges consumers like Plaintiff and the Class, in excess of Rite Aid's

actual U&C prices for these generics. (*Id.* ¶ 6.) Thus, Plaintiff alleges that Rite Aid has knowingly and intentionally reported artificially inflated U&C prices for RSP Generics on claims for reimbursement submitted to TTP. (*Id.* ¶ 14.)

Plaintiff filed his first amended complaint on December 11, 2018. (Doc. No. 27.) Plaintiff alleges causes of action for violations of: (1) Negligent Misrepresentation; (2) Unjust Enrichment; (3) Unfair Competition law ("UCL") based on unfair acts and practices; (4) UCL based on unlawful acts and practices; (5) Consumer Legal Remedies Act ("CLRA"); and (6) Declaratory and Injunctive Relief. (Doc. No. 27.) In his prayer for relief, Plaintiff requests the Court certify his action as a class action, award compensatory, consequential, and general damages, grant permanent injunctive relief, and award statutory treble, punitive, or exemplary damages, among other things. (*Id.* at 43–44.)

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: "(1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove [he or she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint,

accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

### III. DISCUSSION

In Rite Aid's second motion to dismiss, they allege (1) the Court lacks jurisdiction over Josten's claims, and (2) Josten's claims are untimely. (Doc. No. 28-1.) In its prior motion to dismiss, Rite Aid alleged Josten failed to plead his causes of action and that his claims were untimely. (Doc. No. 15-1.) Rite Aid did not initially challenge jurisdiction. (*See id.*) The Court found that Josten adequately stated his claims but held that he did not adequately plead tolling and granted leave to amend on those grounds. (Doc. No. 25 at 12–13.)

#### A. Jurisdiction

Despite failing to bring any jurisdictional arguments in its first motion to dismiss, Rite Aid now argues Josten "failed to exhaust his Medicare administrative remedies, thereby depriving this Court of jurisdiction." (Doc. No. 28-1 at 10.) Rite Aid now interprets Josten claims as arising under the Medicare Act because Josten alleges "his purchases were made through his Medicare coverage, specifically his Medicare and Medicare Advantage membership." (*Id.*) As such, Rite Aid maintains, Josten needed to have exhausted those remedies first. (*Id.* at 10–11.)

Josten asserts this argument is "mistaken." (Doc. No. 30 at 10.) The Court agrees. The key inquiry in determining whether 42 U.S.C. § 405(h) requires exhaustion before we can exercise jurisdiction is whether the claim "arises under" the Act. *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1141 (9th Cir. 2010). The Supreme Court has identified two circumstances in which a claim "arises under" the Medicare Act. *Heckler v. Ringer*, 466 U.S. 602, 614–15 (1984). First, where the "standing and the substantive basis for the presentation of the claims" is the Medicare Act. *Id.* at 615. Second, where the claims are "inextricably intertwined" with a claim for Medicare benefits. *Id.* at 614. Courts have described § 405(h) as preventing "beneficiaries and potential beneficiaries from evading administrative review by creatively styling their benefits and eligibility claims as

constitutional or statutory challenges to Medicare statutes and regulations." *United States v. Blue Cross & Blue Shield of Ala.*, 156 F.3d 1098, 1104 (11th Cir. 1998); *see Do Sung Uhm*, 620 F.3d 1134 at 1141–42.

Here, Rite Aid construes Josten's allegations as a dispute regarding his coverage and copayment amounts. (Doc. No. 28-1 at 11–12.) However, Josten is not attempting to elude administrative review of any Medicare claim. Josten is not alleging anywhere in his complaint a challenge to Medicare statutes, regulations, or the Medicare-machine. Josten is not seeking to challenge his "coverage" or copayment amounts. As the Ninth Circuit put it, "our case law establishes that where, at bottom, a plaintiff is complaining about the denial of Medicare benefits . . . the claim 'arises under' the Medicare Act." *Do Sung Uhm*, 620 F.3d at 1142–43. Here, at bottom, Josten is making no such allegations. Similar to the Uhm's, "it is [Rite Aid's] misrepresentations themselves for which [Josten] seek[s] to remedy." *Id.* at 1145. Josten's allegations are solely focused on Rite Aid's alleged misconduct. Thus, the Court agrees with Josten's assertion that he "is challenging misrepresentations and unfair conduct that were collateral to any claim for benefits," and thus was not required to exhaust his administrative remedies. (Doc. No. 30 at 12.)

**B.     Tolling**

Rite Aid once again argues Josten's CLRA, unjust enrichment, and negligent misrepresentation claims are time-barred. (Doc. No. 28-1 at 18.)

"In a federal diversity action based on alleged violations of state law, the state statute of limitations controls." *Adams v. I–Flow Corp.*, No. CV09–09550 R(SSx), 2010 WL 1339948, at *3 (C.D. Cal. Mar. 30, 2010) (citing *Bancorp Leasing and Financial Corp. v. Agusta Aviation Corp.*, 813 F.2d 272, 274 (9th Cir. 1987)). The statute of limitations for the foregoing causes of action are as follows: (1) CLRA—three years, Cal. Civ. Code § 1783; (2) unjust enrichment—three years, *In re Maxim Integrated Prod., Inc., Deriv. Lit.*, 574 F. Supp. 2d 1046, 1072 (N.D. Cal. 2008); and (3) negligent misrepresentation—three years, Cal. Civ. Proc. Code § 338(d).

Plaintiff alleges he has purchased generic versions of medications for personal use

from Defendant in California between 2014 and present. (Doc. No. 27 ¶ 16.) Thus, Plaintiff's CLRA, unjust enrichment, and negligent misrepresentation claims would be time-barred in 2017. Plaintiff filed his complaint in 2018, a year after the statute of limitations for his various claims. However, Josten alleges these claims should be tolled because he had "neither actual nor constructive knowledge of the facts constituting their claims for relief until recently." (*Id.* ¶ 79.) Additionally, Josten contends he could not have discovered through the exercise of reasonable diligence, the existence of the scheme at an earlier point in time. (Doc. No. 1 ¶ 80.) Because Plaintiff's claims are technically time-barred, Plaintiff must rely on the delayed discovery rule.

"In order to invoke [the delayed discovery exception] to the statute of limitations, the plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig.*, No. C–05–04726 RMW, 2008 WL 4544441, at *8 (N.D. Cal. Sept. 30, 2008) (quoting *Saliter v. Pierce Bros. Mortuaries*, 81 Cal. App. 3d 292, 296 (1978)). "The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand demurrer." *E–Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1319 (2007) (quoting *McKelvey v. Boeing North American, Inc.*, 74 Cal. App. 4th 151, 160 (1999)). To rely on the delayed discovery rule, "the plaintiff must plead facts showing: '(a) Lack of knowledge. [sic] (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date). [sic] (c) How and when he did actually discover the fraud or mistake.'" *Keilholtz v. Lennox Hearth Products Inc.*, No. C 08–00836 CW, 2009 WL 2905960, *3 (N.D. Cal. Sept. 8, 2009) (quoting *General Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1397 (9th Cir. 1991)).

A plaintiff seeking to take advantage of the delayed discovery rule must plead "the time and manner of discovery." *E–Fab*, 153 Cal. App. 4th at 1319. The Court previously held that Josten failed "to allege the details of how he uncovered Rite Aid's alleged scheme. He only states that he had neither actual nor constructive knowledge of the facts

constituting the claims for relief until recently." (Doc. No. 25 at 12.) However, in Josten's FAC, he alleges he discovered the "unlawful conduct in mid-January 2018, through the investigation of Plaintiff's counsel, which occurred in mid-January 2018." (Doc. No. 27 ¶ 80.) Josten further argues he could not have discovered the scheme earlier because "Rite Aid misrepresented at the point of purchase that the copayment was accurate; and Rite Aid omitted at the point of purchase that Plaintiff was not receiving any benefit from his insurance." (*Id.* ¶ 81.) Josten also states that Rite Aid "actively misled consumers by inflating and mispresenting U&C prices for RSP Generics to Plaintiff that were far higher than the RSP Prices (the actual U&C prices." (*Id.* ¶ 83.) Finally, Josten alleges "Rite Aid also failed to post drug prices in a clear manner and in a way that would alert Plaintiff and the Class members to the artificially inflated priced charged by Rite Aid." (*Id.*)

Rite Aid argues Josten's allegations still fail and is unconvinced that Josten could not have discovered the scheme prior to his consultation with his attorney. (Doc. No. 28-1 at 20.) Rite Aid points to law rejecting plaintiffs' assertions of the delayed discovery rule until after counsel was retained. (*Id.*) For example, Rite Aid quotes a California case purporting to hold that "[a] rule that permits a plaintiff to present timely claims at any point after consulting an attorney would render the statute of limitations meaningless." (*Id.* at 20 (quoting *Nevarez v. Wells Fargo, N.A.*, No. C-12-1660 JCS, 2012 WL 2428233, at *5 (N.D. Cal. June 26, 2012)).) However, as Josten notes, in that case the plaintiff was challenging a contract he himself had signed, and the Court found a plaintiff "'is presumed to be familiar with the contents of any document that bears the person's signature.'" *Nevarez*, 2012 WL 2428266, at *5 (quoting *Motsinger v. Lithia Rose–FT, Inc.*, 211 Or. App. 610, 616, 156 P.3d 156 (2007)). Here, Josten did sign anything which supplied him "with knowledge that the RSP prices represent the most common price paid by Rite Aid's cash-paying customers." (Doc. No. 30 at 17.) Nor would Josten have signed anything detailing the RSP program or prices altogether. Thus, *Nevarez*'s holding is inapplicable to the facts at hand.

As to the second element under the delayed discovery rule, the Court finds a

reasonable person in plaintiff's position would had lacked the means for discovery of the alleged scheme. "The delayed discovery rule is typically employed when the defendant is in a far superior position to know of the act and the injury, and the act and the injury are difficult for the plaintiff to detect." *Keilholtz v. Lennox Hearth Products Inc.*, No. C 08-00836 CW, 2009 WL 2905960, at *3 (N.D. Cal. Sept. 8, 2009). Here, Josten had no reason to suspect Rite Aid was failing to include its RSP prices in the U&C prices it reported. It would be, in the Court's opinion, difficult for Josten to detect that he was being charged an inflated copayment amount because Rite Aid has set a dual-payment track for cash-paying customers of which it was failing to include in its U&C prices. Without having the sophisticated knowledge of the U&C reporting requirements and having gathered multiple pieces of the puzzle together such as the RSP prices and the copayment prices, even a person exercising reasonable diligence would have had a hard time piecing this one together. Accordingly, the Court finds Josten has pled equitable tolling. The Court declines to discuss Josten's other arguments supporting its tolling. (*See* Doc. No. 30 at 18–20.)

### IV.   CONCLUSION

In sum, the Court **DENIES** Rite Aid's motion to dismiss, finding the Medicare Act's exhaustion requirements do not apply to Josten's claims and that Josten has appropriately alleged tolling. (Doc. No. 28.)

**IT IS SO ORDERED.**

Dated:  August 7, 2019

Hon. Anthony J. Battaglia
United States District Judge